IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTRAM L. CLARKE,<br><br>                    Plaintiff,<br><br>     v.<br><br>THE HON. HERSHEL GOBER,<br>ACTING SECRETARY OF VETERANS<br>AFFAIRS,<br><br>                    Defendant. | CIV. S-05-121 GEB KJM<br><br>STATUS (PRETRIAL<br>SCHEDULING) ORDER<br>AND ORDER IMPOSING<br>SANCTIONS |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

The status (pretrial scheduling) conference scheduled in this case for June 20, 2005, is vacated since the joint status report submitted by the parties obviates the need for the conference. The following order issues based on the parties' joint status report and available dates.

SANCTIONS

On June 3, 2005, Plaintiff's counsel filed a response to the Order to Show Cause issued against Plaintiff and his counsel on March 30, 2005 ("OSC Response"). In the OSC Response counsel states a timely status report was not filed "Due to [counsel's] then lack of service," and because he "overlooked the requirement of this Court fo file a status report." The status of service of process does not excuse Plaintiff's failure to file a timely status report because the Order Setting Status (Pretrial Scheduling) Conference filed January 20, 2005, prescribed:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

(Jan. 20, 2005, Order at 2 n.2.)

Further, counsel's statement that he "overlooked" the requirement to file the status report is insufficient reason to avoid sanctions. It is "the professional duty of the attorney of record to ensure . . . that [counsel complies with Rule 16 filing deadlines]." Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244 (9th Cir. 1998). Clearly judges should be expected to take action when Rule 16 filing deadlines are missed -- otherwise, a deadline ceases to be meaningful and simply serves as a useless goal to be considered by counsel when filing court documents. See Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions imposed on lawyer where "the date slipped by him") (internal quotation marks omitted). Ensuring that

a consequence exists for an unexcused tardily-filed document tends to preserve the integrity of the Court's docket.  "[W]e are dealing with [a] matter critical to the court itself: management of its docket, and the avoidance of unnecessary [delays in court proceedings and the issuance of OSCs concerning why a document was not filed on time]."  Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984).

> [The] trial judge has an independent responsibility to enforce the directives he has laid down for the case. . . . "Rules are rules – and the parties must play by them.  In the final analysis, the judicial process depends heavily on the judge's credibility.  To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines.  If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance."

Legault v. Zambarano, 105 F.3d 24, 28-29 (1st Cir. 1997) (quoting Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier.").

Since Plaintiff's response is insufficient to avoid imposition of sanctions, George R. Kucera is sanctioned ONE HUNDRED FIFTY DOLLARS ($150.00) for HIS failure to timely comply with the January 20, 2005, Order.  The sanctions shall be paid to the Clerk of the Court of this District within fifteen (15) days from the date this Order is filed.  Proof of payment must be sent to the

1  undersigned Judge's chambers within five (5) days of payment. The
2  sanction is personal to the attorney and is not to be transmitted
3  to his client by way of a charge or attorney's fees and/or costs.

## SERVICE OF PROCESS

5  The named defendant has been served and no further
6  service is permitted, except with leave of Court, good cause having
7  been shown.

## JOINDER OF ADDITIONAL PARTIES/AMENDMENT

9  No further joinder of parties or amendments to pleadings
10 is permitted except with leave of Court, good cause having been
11 shown.

## DISCOVERY

13 (a) All discovery shall be completed by March 10, 2006.
14 In this context, "completed" means that all discovery shall have
15 been conducted so that all depositions have been taken and any
16 disputes relative to discovery shall have been resolved by
17 appropriate orders, if necessary, and, where discovery has been
18 ordered, the order has been complied with or, alternatively, the
19 time allowed for such compliance shall have expired.[1]

20 (b) Each party shall comply with Federal Rule of Civil
21 Procedure 26(a)(2)'s initial expert witness disclosure and report
22 requirements on or before October 11, 2005, and with the rebuttal

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

expert disclosures authorized under the Rule on or before November 14, 2005.

### MOTION HEARING SCHEDULE

The last hearing date for motions shall be May 22, 2006, at 9:00 a.m.[2]

All purely legal issues are to be resolved by timely pretrial motions. Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995). When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the next court day immediately following the legal holiday. See Fed. R. Civ. P. 6(a).

Any party bringing a motion to dismiss, motion for summary judgment or summary adjudication, motion for judgment on the pleadings, or motion to remand shall attach to the motion a copy of the latest complaint (or cross-complaint where applicable).

In determining any motion for summary judgment, the Court will assume that the material facts as claimed in the movant's

---

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  Statement of Undisputed Facts and adequately supported by evidence
2  are admitted without controversy except to the extent that such
3  material facts are (1) disputed in the nonmovant's response to the
4  movant's "Statement of Undisputed Facts," and (2) controverted by
5  declaration or other written evidence filed in opposition to the
6  motion.  See L.R. 56-260(b); Nilsson, Robbin, et al., v. Louisiana
7  Hydrolec, 854 F.2d 1538, 1545 (9th Cir. 1988).  A party opposing a
8  motion for summary judgment must serve upon all parties and file
9  with the Clerk of Court the evidence upon which the opposing party
10 will rely in opposition to the motion fourteen days before the
11 scheduled hearing date.  L.R. 78-230(c), 56-260.  Evidence not
12 timely filed by a party will not be considered.  See Marshall v.
13 Gates, 44 F.3d at 725.
14         Absent highly unusual circumstances, reconsideration of a
15 motion is appropriate only where:
16         (1)  The Court is presented with newly discovered
17 evidence that could not have reasonably been discovered prior to
18 the filing of the party's motion or opposition papers;
19         (2)  The Court committed clear error or the initial
20 decision was manifestly unjust; or
21         (3)  There is an intervening change in controlling law.
22 A motion for reconsideration based on newly discovered evidence
23 shall set forth, in detail, the reason why said evidence could not
24 have reasonably been discovered prior to the filing of the party's
25 motion or opposition papers.  Motions for reconsideration shall
26 comply with Local Rule 78-230(k) in all other respects.
27         The parties are reminded that motions in limine are
28 procedural devices designed to address the admissibility of

6

1  evidence and are cautioned that the Court will look with disfavor
2  upon motions[3] presented at the final pretrial conference or at
3  trial in the guise of motions in limine.  The parties are further
4  cautioned that if any legal issue which should have been tendered
5  to the Court by proper pretrial motion requires resolution by the
6  Court after the established law and motion cut-off date,
7  substantial sanctions may be assessed for the failure to file the
8  appropriate pretrial motion and/or the Court may elect not to
9  decide the motion and to treat it as untimely.  See U.S. Dominator,
10 Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th
11 Cir. 1985) (affirming district court's denial of untimely motion
12 since "pretrial order controls the subsequent course of action
13 unless modified by a subsequent order"), rejected on other grounds,
14 Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir.
15 1995); Dedge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988) (same).

FINAL PRETRIAL CONFERENCE

17       The final pretrial conference is set for July 24, 2006,
18 at 1:30 p.m.  The parties are cautioned that the lead attorney who
19 WILL TRY THE CASE for each party shall attend the final pretrial
20 conference.  In addition, all persons representing themselves and
21 appearing in propria persona must attend the pretrial conference.
22       The parties shall file a JOINT pretrial statement with
23 the Court not later than seven (7) days prior to the final pretrial
24 conference.[4]  The Court uses the parties' joint pretrial statement

---

[3] Such motions include contentions under the collateral estoppel or res judicata doctrines.

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case
(continued...)

7

to prepare its final pretrial order.  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action.").

The following provisions of Local Rule 16-281 shall apply with respect to the matters to be included in the joint pretrial statement:  (b)(1), (b)(2),[5] (b)(3), (b)(5), (b)(9), (b)(10), (b)(11),[6] (b)(12) to and including (b)(21), and (c).

The subject matter in Local Rule 16-281(b)(4), (b)(7), and (b)(8) shall be combined in a single section titled "Factual, Legal and/or Equitable Contentions."[7]  In the "Factual, Legal

---

[4](...continued)
does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the document shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

[5] In this section of the joint pretrial statement the parties must specify what the judge is expected to decide and what the jury is expected to decide.  For instance, if the judge is expected to make a ruling after the jury decides factual disputes, the factual issues to be submitted to the jury shall be specified.

[6] In <u>separate attachments</u> to the joint pretrial statement each party shall list all witnesses and each exhibit individually that the party intends to offer at trial.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.

[7] If there are no legal or equitable contentions, the title shall reflect only what is at issue.  The requirement in (b)(8) is modified since a party only needs to state sufficient law to show viability of an issue.  But it must be clear whether precise federal or state law governs.  If state law governs, the state whose law is
(continued...)

1  and/or Equitable Contentions" section, the parties shall number or
2  alphabetize each individually-pled cause of action and pled
3  affirmative defense to preserve the issue for trial.  **Each pled**
4  **claim or affirmative defense must be accompanied by the elemental**
5  **facts supporting it and the relief sought, if applicable.  For**
6  **example:  Plaintiff claims that Defendant violated her Fourth**
7  **Amendment right to be free from excessive force by applying the**
8  **handcuffs too tight and seeks general damages.**  If the parties
9  disagree about the inclusion of an issue in this section, that
10 issue shall be followed by the title "Controversy", under which the
11 parties' respective positions on the issue shall be stated.  The
12 parties are warned that the "Factual, Legal and/or Equitable
13 Contentions" section of the joint pretrial statement could be used
14 to specify the issues preserved for trial in the pretrial order,
15 and that order could issue without the court holding the scheduled
16 final pretrial conference. See <u>Mizwicki v. Helwig</u>, 196 F.3d 828,
17 833 (7th Cir. 1999) ("There is no requirement that the court hold a
18 pretrial conference.").  **Thus, if an issue is omitted from this**
19 **section of the joint pretrial statement, it is waived, even if it**
20 **appears in the pleadings.** <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960
21 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted
22 from the pretrial order is waived, even if it appeared in the
23 pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
24 (D.D.C. 1995) (refusing to modify the pretrial order to allow

---

[7](...continued)
applicable must be specified. Since the governing law is stated in conjunction with the elemental facts to establish a pled claim or defense, there is no need for a separate statement of disputed factual issues required by (b)(4). The relief sought, referenced in (b)(7), shall follow the issue or issues giving rise to that relief.

9

assertion of a previously-pled statute of limitations defense); Olympia Co., Inc. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

The parties are further warned that "since [the] process [of having them delineate trial issues] is designed to promote efficiency and conserve judicial resources, 'there is no reason to require that the elimination of non-trialworthy claims await a formal motion for summary judgment.'" Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996). "If the pretrial [statement] discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the Court may summarily dispose of the case or issue. Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 868-69 (9th Cir. 1985) (emphasis added).

If possible, at the time of filing the joint Pretrial Statement counsel shall also email it in a format compatible with WordPerfect to:  geborders@caed.uscourts.gov.

SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  The parties shall address in their joint pretrial statement whether they wish to have a judge-assisted settlement conference.  If counsel wish the trial judge to act as settlement judge, written stipulations to this effect which waive the judge's disqualification from later acting as the trial judge must be filed

prior to the scheduling of the settlement conference.  <u>See</u> Local Rule 16-270(b).  If the parties wish to participate in Court-assisted settlement prior to the final pretrial conference, they should contact the Deputy Clerk.

TRIAL SETTING

Trial is set for October 31, 2006, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause.  Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

Any party may, within ten (10) court days after the date this Order is filed, file and serve written objections to any part of this Order.  Any objection must specify the requested correction, addition, and/or deletion.  Any response to an objection must be filed and served within ten (10) court days after the objection is filed.

IT IS SO ORDERED.

Dated:  June 13, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge