IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTRAM L. CLARKE, ) | |
| ) | 2:05-cv-0121-GEB-KJM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER[*] |
| ) | |
| R. JAMES "JIM" NICHOLSON, ) | |
| Secretary of Veterans Affairs, ) | |
| ) | |
| Defendant.[1] ) | |

     Defendant moves for summary judgment on Plaintiff's discrimination claim. (Def.'s Mot. at 1.) Plaintiff opposes the motion. (Pl.'s Opp'n at 1.)

BACKGROUND

     Plaintiff is a former employee of the Veterans Affairs Medical Center located in Chico, California. (Pl.'s Compl. ¶ 3.) Plaintiff received a letter terminating his employment in March 2004; the letter listed four charges as the basis for his termination. (Id.) Plaintiff alleges all four charges are discriminatory and he was terminated because of his race. (Id.)

---

[*] This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] The caption has been amended to substitute R. James "Jim" Nicholson as the Acting Secretary of Veterans Affairs.

1           On April 23, 2004, Plaintiff contacted an Equal Employment
2   Opportunity ("EEO") counselor with the Department of Veterans Affairs
3   ("DVA") to discuss his termination. (Def.'s Ex. A at 1.) The EEO
4   counselor subsequently sent Plaintiff, care of his attorney George
5   Kucera, a Notice of the Right to File a Discrimination Complaint
6   ("Notice"). (Id.) The Notice stated that if Plaintiff decided to
7   file an EEO complaint, he was required to do so within fifteen days
8   from receipt of the Notice. (Id.) The Notice also stated that an EEO
9   complaint would be deemed timely only if it was postmarked or received
10  before the expiration of the fifteen-day filing period. (Id.)
11          Mr. Kucera received the Notice via certified mail on June 3,
12  2004, and prepared Plaintiff's EEO complaint on June 16, 2004. (Aff.
13  Kucera ¶¶ 4-5.) Mr. Kucera believes he deposited the EEO complaint in
14  a mail repository on either June 16, 2004, or June 17, 2004. (Id.)
15  However, he has no knowledge of when the mail was taken from the
16  repository. (Id. ¶ 6.)
17          The DVA received Plaintiff's EEO complaint on July 6, 2004;
18  the envelope was postmarked June 29, 2004. (Def.'s Ex. A at 6.) The
19  DVA subsequently sent Plaintiff, care of Mr. Kucera, a letter
20  acknowledging receipt of the EEO complaint and listing the official
21  filing date of the complaint as June 29, 2004. (Def.'s Ex. D.) The
22  letter explained that if the EEO complaint was accepted, an
23  investigation would follow, but that if it was dismissed, Plaintiff
24  would receive a letter stating the reasons for the dismissal. (Id.)
25          Several months later, the DVA sent Mr. Kucera a letter
26  stating that Plaintiff's EEO complaint had been dismissed because he
27  had raised the same claim in a Merit Systems Protection Board Appeal.
28  (Def.'s Ex. A at 7.) The letter also stated the dismissal constituted

a final agency decision and informed Plaintiff of his right to either appeal the decision or file a civil action in federal district court. (Id.)  Plaintiff then filed this action, in which he alleges a single discrimination claim under Title VII, 42 U.S.C. § 2000e et seq. (Pl.'s Compl. ¶ 9.)

## DISCUSSION[1]

Defendant argues Plaintiff failed to timely exhaust his administrative remedies because he did not file his EEO complaint within fifteen days of receiving the Notice.  (Def.'s Mot. at 1; Def.'s Reply at 2.)  A plaintiff must timely exhaust administrative remedies before filing a Title VII action in federal court. Ester v. Principi, 250 F.3d 1068, 1071 (7th Cir. 2001).  One administrative remedy a plaintiff "must pursue is the filing of a formal complaint of discrimination within 15 days of receiving notice of the right to do so."  Id. (citing 29 C.F.R. § 1614.106).  Failure to timely file a formal complaint "precludes a plaintiff from pursuing his discrimination claim in federal court," unless the plaintiff "can prove waiver, estoppel, or equitable tolling." Girard v. Rubin, 62 F.3d 1244, 1246 (9th Cir. 1995); Boyd v. U.S. Postal Service, 752 F.2d 410, 414-15 (9th Cir. 1985).

Plaintiff argues his EEO complaint was timely filed because his attorney deposited it in a mail repository on either June 16, 2004, or June 17, 2004.  (Pl.'s Opp'n at 3.)  However, EEO regulations provide that a complaint is timely filed only if it is postmarked or received within fifteen days of receipt of the Notice.  29 C.F.R. §§ 1614.106, 1614.604.  Plaintiff received the Notice on June 3, 2004;

---

[1] The standards applicable to motions for summary judgment are well known and need not be repeated here.

3

thus, to be considered timely, his EEO complaint must have been postmarked or received before June 18, 2004. However, Plaintiff's EEO complaint was postmarked June 29, 2004, and received July 6, 2004. (Def.'s Ex. A at 6.) Therefore, Plaintiff did not timely file his EEO complaint. Miller v. Runvon, 32 F.3d 386, 388 (8th Cir. 1994) (EEO complaint was untimely because it was filed five days after fifteen-day deadline); Rice v. New England College, 676 F.2d 9, 11 (1st Cir. 1982) (EEO complaint was untimely because it was filed one day late); Rao v. Baker, 898 F.2d 191, 197-98 (D.D.C. 1990) (EEO complaint was untimely because it was filed three days late); but see Kushner v. Glickman, 1997 WL 419402, *6 (N.D. Cal. 1997) (EEO complaint was timely even though the plaintiff "missed the deadline by a matter of days").[2] Consequently, Plaintiff cannot pursue his discrimination claim in federal court unless the doctrines of waiver, estoppel, or equitable tolling apply.

Plaintiff argues the DVA waived its timeliness objection because it accepted and processed his EEO complaint. (Pl.'s Opp'n at 4.) However, the DVA had two options after receiving Plaintiff's complaint: to dismiss it, or to accept it and investigate the charges. (Def.'s Ex. D.) The DVA dismissed the complaint, a priori, it did not accept or investigate it. (Def.'s Ex. A at 7.) Furthermore, even if the DVA had accepted the complaint, "[t]he mere receipt and

---

[2] In Kushner, 1997 WL 419402, *6, the court stated that "because Title VII assists lay people in resolving discrimination complaints by requiring that they initiate the administrative process first, the procedural requirements are not to be interpreted too technically." The court noted the plaintiff was not an attorney, and then concluded that her complaint was timely even though she filed her complaint after the fifteen-day deadline. Id. Unlike Kushner, Plaintiff was represented throughout the administrative process by an attorney who was aware of the pertinent procedural requirements. (See Aff. Kucera ¶ 4.)

4

investigation of a complaint does not waive [a timeliness] objection" if the "investigation does not result in an administrative finding of discrimination."[3]  Boyd, 752 F.2d at 414; Ester, 250 F.3d at 1071, n.1.  Since the DVA dismissed Plaintiff's complaint without making a finding of discrimination, it did not waive its timeliness objection. (Def.'s Ex. A at 7.)

Plaintiff argues the doctrine of equitable estoppel should apply because the DVA "made a final agency decision on his claim and . . . in reliance on [that] final agency decision . . . [he filed] this action in this Court."  (Pl.'s Opp'n at 6.)  Equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from [timely] filing suit."  Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002) ("equitable estoppel . . . come[s] into play 'if the defendant takes active steps to prevent the plaintiff from suing in time' . . . [i.e.] fraudulent concealment"); Boyd, 752 F.2d at 414 (equitable estoppel applies when the plaintiff is "affirmatively mislead" by the defendant).  However, Plaintiff has produced no evidence that Defendant affirmatively mislead him or took active steps to prevent him from filing his complaint within the fifteen-day filing period.

---

[3]  Plaintiff cites Huntly v. Dep't of Health, Educ., & Welfare, 550 F.2d 290 (5th Cir. 1977), for the proposition that an agency waives an objection to a late filing when the agency processes and acts on a claim. (Pl.'s Opp'n at 5.)  "However, in Oaxaca v. Roscoe, 641 F.2d 386 (5th Cir. 1981), the Fifth Circuit subsequently confined Huntly to cases where the agency investigation resulted in a finding of discrimination." Saltz v. Lehman, 672 F.2d 207, 209 (D.D.C. 1982).  Therefore, the Fifth Circuit has "rejected the contention that, by merely accepting and investigating a tardy complaint, an agency waives its objection to a [plaintiff's] failure to comply with time-filing prescriptions." Id.

5

Further, the doctrine of equitable tolling does not apply. Equitable tolling excuses a plaintiff's "failure to comply" with a filing deadline if he "had neither actual or constructive notice of the filing period." Johnson, 314 F.3d at 414; Boyd, 752 F.2d at 414 (equitable tolling applies when the plaintiff is "unaware of the appropriate administrative procedures"). Plaintiff had constructive knowledge of the fifteen-day filing period because he was represented by an attorney throughout the administrative process. See Leorna v. U.S. Dept. of State, 105 F.3d 548, 551 (9th Cir. 1997) ("once a [plaintiff] retains counsel, [equitable] tolling ceases because [he] has gained the means of knowledge of [his] rights and can be charged with constructive knowledge of the law's requirements").

Therefore, Defendant's motion for summary judgment on Plaintiff's discrimination claim is granted.

IT IS SO ORDERED.

Dated:  March 15, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

6